**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4557-19

DAVID HOOK and MODERN
METHOD DEVELOPMENT,

     Plaintiffs-Respondents,

v.

BOHDAN SENYSZYN,
MODERN METHOD TRUST,
and MODERN METHOD
LEASING,

     Defendants-Respondents,

and

KELLY SENYSZYN,

     Defendant-Appellant.

_____

Submitted April 27, 2021 – Decided May 14, 2021

Before Judges Haas and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0296-04.

Kelly Senyszyn, appellant pro se.

Coughlin Duffy, LLP, attorneys for respondents David Hook and Modern Method Development (Jason A. Meisner, of counsel and on the brief; Joseph P. Fiteni, on the brief).

PER CURIAM

Defendant Kelly Senyszyn appeals from a February 25, 2020 order denying her motion to appoint a new arbitrator in this long-running dispute with plaintiffs David Hook and Modern Method Development. We affirm.

The parties contracted for binding non-appealable arbitration and agreed to bear the arbitrator's fees equally. When they could not agree on an arbitrator, the motion judge selected one who arbitrated the case and rendered an "[i]nterim [o]rder." Thereafter, defendant filed a motion to appoint a new arbitrator because the arbitrator would not adjudicate her counterclaims as she did not pay him. Her motion also sought the motion judge's disqualification, alleging the judge engaged in ex parte communications separately with plaintiffs' counsel and the arbitrator. Notably, defendant's notice of motion waived oral argument.

The motion judge rendered an oral decision in which he addressed and rejected each of defendant's claims. The judge found the fees issue was for the arbitrator to decide, particularly because the matter was not yet final. The judge

found defendant provided "no substance to her allegations [of ex parte communications and there was] no basis to disqualify" himself.

Defendant repeats her claims on this appeal. In addition, she asserts the motion judge did not consider her claims, made no findings, and deprived her of a fair hearing by deciding the motion without oral argument.

Defendant's arguments are bald assertions, unsupported by the record, and lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4557-19